UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAMILIA T. TERRY, | ) | CASE NO. 1:15-cv-2008 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| WANZA JACKSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on Petitioner Camilia T. Terry's objections to the Magistrate Judge's Report and Recommendation ("R & R"). Doc. 14, 17. After reviewing the R & R and the underlying record, Terry's objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's Report and Recommendation. Doc. 14.

The R & R adequately states the factual and procedural background of this case. Terry has demonstrated no error in that background, so the Court will not reiterate those sections herein.

I.  STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. LAW AND ANALYSIS

The Magistrate Judge determined that Terry failed to file a timely appeal directly to the Ohio Supreme Court and her motion for a delayed appeal was dismissed. Consequently, in his R & R, the Magistrate Judge found that the habeas petition was procedurally defaulted, and Terry failed to show cause and prejudice to allow further review. The Magistrate Judge recommended dismissal of the petition and denial of Terry's motions for discovery and an evidentiary hearing. After considering Terry's objections, the Court finds that she has failed to demonstrate error in the Magistrate Judge's analysis and, therefore, adopts the R & R.

### A. Procedural Default of the Habeas Petition

Procedural default may occur in two ways. First, procedural default may occur if the petitioner fails to comply with a state procedural rule. A federal court must conduct a four-step analysis when the state argues that a petitioner failed to observe a state procedural rule on a petition for habeas corpus. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule... Second, the court must decide whether the state courts actually enforced the state procedural sanction… Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Id.* Finally, the petitioner must show that there was "cause" for him not to follow the rule and that he was prejudiced by the error. *Id.* This Court will not review claims that were not considered by the state courts due to: 1) Petitioner's failure to raise those claims; or 2) Petitioner's failure to "comply with a state procedural rule that prevents the state courts from reaching the merits of the claims." *Smith v. Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 430-31 (6th Cir. 2006) (Citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). Procedural

2

default also occurs if the petitioner fails "to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Thompson v. Bell*. 580 F.3d 423, 437 (6th Cir. 2009) (quoting *Harris v. Reed*, 489 U.S. 255, 263) (internal citations and quotations omitted).

### 1. OBJECTIONS 1 – 4: Procedural Default

Terry objects to the following findings of the Magistrate Judge:

1) "Petitioner failed to timely file an appeal to the Ohio Supreme Court asserting her grounds for relief preventing it from reviewing the merits of her [claim]."

2) "Petitioner's motion for leave to file a delayed appeal was summarily denied based upon a procedural rule, and failed to show cause for the delay."

3) "Petitioner's failure to file App.R. 26(B)."

4) "Petitioner fails to present new reliable evidence outside the trial record to excuse procedural default or establish factual innocence."

Doc. 17. The basis for Terry's objections to all four findings above is a reiteration of her original arguments from the habeas petition, rather than showing error in the Magistrate Judge's R & R. Specifically, Terry argues that her attorney was late in notifying her of the underlying appellate decision, leaving only two weeks to prepare her appeal to the Ohio Supreme Court. Within these two weeks, Terry had limited access to the law library due to her status as a high security inmate. This argument is insufficient to show cause and overcome default. Neither a petitioner's pro se status nor her limited access to the law library is sufficient to establish cause. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Further, in order to establish a claim for ineffective assistance of counsel as cause, the claim must have been independently presented to the state courts and thus, not procedurally defaulted. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) *Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir. 2007) (citing *Murray*, 477 U.S. at 488). It is undisputed

that Terry did not present her ineffective assistance claims to all levels of the state court process; and therefore, her claims are procedurally defaulted.

Terry not only fails to demonstrate cause but her arguments for prejudice are unpersuasive. She argues generally that the failure to consider her claims, including ineffective assistance of counsel, would result in a fundamental miscarriage of justice. A procedural default will be excused if a petitioner shows that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such an inquiry requires a petitioner "supplement[] a constitutional claim with a 'colorable showing of factual innocence.'" *Id.* at 495 (*quoting Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Here, Terry presents such scant argument on innocence that she does not make a colorable showing of factual innocence and cannot sustain an argument for prejudice.

Terry's objections one through four are overruled.

### 2. OBJECTION 5: New Evidence to Present at an Evidentiary Hearing

Terry objects to the Magistrate Judge's finding that she failed to establish new evidence that would overcome a procedural default and merit an evidentiary hearing. While Terry states generally that she has witnesses that would provide testimony and new evidence, she does not detail what evidence they would present. This general argument is insufficient to demonstrate error on behalf of the Magistrate Judge. Terry's fifth objection is overruled.

### III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Terry's objections. Therefore, Petitioner Camilia Terry's objections are OVERRULED. The Court ADOPTS Magistrate Judge Knepp's R & R. Doc. 14. The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: September 29, 2016  */s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT